M.E.J., Inc., a Pennsylvania Corporation, and Joseph Rivlin and Emanuel Rivlin, Appellants *v.* The Township of West Pottsgrove, Appellee.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Robert D. Reber, Jr.,* with him *Ronald H. Reynier,* and *Reynier, Crocker, Allebach & Reber,* for appellants.

*Matthew S. Santangelo,* with him *Santangelo, Lewis, Skypala & Cooper,* for appellee.

OPINION BY JUDGE ROGERS, May 23, 1979:

M.E.J., Inc., a corporation, and Joseph Rivlin and Emanuel Rivlin, the owners of the stock of M.E.J., Inc., have appealed from an order of the Court of Common Pleas of Montgomery County, dismissing their exceptions to, and adopting as the final decree, a decree nisi requiring the appellants to remove obstructions from Grosstown Road and enjoining them from future obstructions of the road.

The equity suit which lead to the final order appealed from was instituted by the Township of West Pottsgrove by complaint in equity in which it alleged that Grosstown Road was opened as a public road by decree of the Court of Common Pleas of Montgomery County in 1868; that the road has never been vacated and remains a public road of the Township; that Grosstown Road is the boundary line between properties owned, respectively, by the defendant, M.E.J., Inc. and the defendants Joseph and Emanuel Rivlin, tenants in common; and that the appellants have erected barricades across the road. The appellants answered denying that Grosstown Road is a public road, asserting that if it was ever a public road it had been abandoned as such and that they, the appellants, have continuously obstructed the road for 21 years acquiring thereby the right to do so by adverse possession.

After a trial extending over five days the Chancellor, Judge WILLIAM W. VOGEL, made detailed findings which we need only summarize as follows: that Grosstown Road was opened by decree of Court in 1868; that the respective corporate and individual defendants' properties have a common boundary in Grosstown Road, the call of one of their deeds being to the centerline of the road and that of the other to the westerly side of the road; that Grosstown Road has not been vacated; that although vehicular traffic used the road before 1929, it has not used it since that time because Pennsylvania Utility Commission in that year authorized barricades to be erected at a grade crossing of the Pennsylvania Railroad; that Grosstown was regularly used by pedestrians after 1929 and until the appellants obstructed the road in 1974; that before 1929 and going back to, or indeed before, the date the road was formally opened as a public road in 1868, it has been used by the public; that the Township has a water main in the road; that in 1967 the appellants applied for and were denied a zoning permit because the application showed a violation of a setback requirement with relationship to Grosstown Road; that there are no encroachments of buildings on Grosstown Road as laid out in 1868 and thereafter continuously used by the public, as contended by the appellants; and that the proper location of Grosstown Road as laid out and used thereafter was that established on the ground by the present dirt cartway and as shown on the plan by the Township's engineering witness at the trial of the case. The Chancellor refused to find that the proper location of the road as formally laid out in 1868 was that shown by the appellants' surveyor-witness— a location now obstructed by buildings.

The appellants' complaints are directed exclusively to the Chancellor's findings of fact. They say that the Chancellor should not have accepted the location

proffered by Township's witness, a graduate in engineering of Clemson University, but that he should have accepted the location proposed by their surveyor witness. They complain that the Chancellor should have found that buildings encroached upon Grosstown Road as properly located—an assertion which, of course, depends on Grosstown Road's proper location's being found to be that established by the appellants' surveyor witness. The disposition of these complaints must depend on whether the record supports the Chancellor's choice of facts. As we note later, it does.

The appellants further say that the Township failed to prove that Grosstown Road had been physically opened within a period of five years after the completion of the road proceedings in 1868, as required by Section 2013 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §57013, and that the 1868 proceedings should therefore have been declared to be void. It seems to be their position that absent direct evidence of the road's having been opened during the five years immediately following 1868, the proceedings undertaken that year must be deemed to be void. The Chancellor noted the testimony of a number of longtime residents describing their use of the road with vehicles from as early as 1920 until 1929 and for pedestrial travel thereafter and his finding based on the Township's engineering evidence that the road is in the location described in the 1868 road proceedings, and then made the perfectly proper inference that the road had been open within five years after the 1868 proceedings.

We have carefully studied the record in this case. Judge Vogel's findings are more than adequately supported, they are overwhelmingly supported by the record, not only where they were derived from the unrefuted testimony of neighborhood witnesses who used the road for more than 50 years, but also where

they touched on the conflicting evidence of the engineering and surveyor witnesses for the parties. The findings of a Chancellor will not be disturbed on appeal if they are supported by adequate evidence or reasonable inference therefrom and they have all the force and effect of a jury's verdict when they are so supported. *Ross v. Philadelphia Federation of Teachers,* 8 Pa. Commonwealth Ct. 204, 301 A.2d 405 (1973).

Order affirmed.

## ORDER

AND Now, this 23rd day of May, 1979, the final order of the Court of Common Pleas of Montgomery County made March 27, 1978 is affirmed.